

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2008

# Sy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1228

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sy v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1228
_____

AMANDOU TIDIANE SY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79-318-492)
Immigration Judge:  Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before:  FISHER, GREENBERG and ROTH, *Circuit Judges*.

(Filed: March 27, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Amadou Sy petitions for review of the final decision of the Board of Immigration

Appeals ("BIA") ordering his removal from the United States.  He appeals the BIA's

denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons set forth below, we will deny the petition.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Sy entered the United States on June 25, 2000, or on November 17, 2000.[1] On May 14, 2001, he applied for asylum, withholding of removal, and relief under the CAT. The former Immigration and Naturalization Service sent him a Notice to Appear on August 22, 2001, placing him in removal proceedings. During subsequent hearings, Sy presented evidence to the IJ. He testified that he was born in the Republic of the Congo ("Congo") in 1967, and had primarily lived in the Congo until 1997. He claimed that, in 1997, a rebel group called the Cobras attacked him and threatened him with death because he was a member of the Lari ethnic group and supported the former president of the Congo. He further claimed that, after the attacks, he returned to his home to collect his wife and daughter, and the three of them crossed the border into Gabon. In addition to

---

[1]Sy provided the first date in his application for asylum, but provided the second date during a subsequent interview with the Asylum Office. The asylum officer found that Sy provided credible testimony as to the date of his arrival, and thus found that his application was timely as it was filed within one year of his arrival. The IJ did not disturb that ruling.

his testimony, Sy provided country reports describing human rights violations occurring in the Congo.

The IJ found that Sy's testimony was not credible, and he had "failed to establish his identity as a native and citizen of the Congo." For this reason, the IJ denied Sy's applications for asylum, withholding of removal, and protection under the CAT. The BIA affirmed, without opinion, the IJ's denial of Sy's claims. This timely petition for review followed.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopted the IJ's decision, we review the decisions of both the BIA and the IJ. *Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007). We review the factual findings of the IJ, including adverse credibility findings, for substantial evidence. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003). Thus, we will uphold the findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998) (internal quotation marks and citation omitted). Moreover, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

3

III.

An alien is eligible to receive a discretionary grant of asylum under the

Immigration and Nationality Act ("INA") if he demonstrates that he is a refugee. 8

U.S.C. § 1158(b)(1)(A)-(B). Under the INA, a refugee is:

> [A]ny person who is outside any country of such person's nationality . . . ,
> and who is unable or unwilling to return to, and is unable or unwilling to
> avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or political
> opinion[.]

*Id.* § 1101(a)(42). The applicant has the burden of providing credible evidence to

demonstrate his refugee status. *Id.* § 1158(b)(1)(B). Where the IJ finds that the applicant

has not provided credible evidence to support his claim, the IJ must give specific, cogent

reasons for the finding. *Gabuniya v. Att'y Gen.*, 463 F.3d 316, 321 (3d Cir. 2006). These

reasons must demonstrate that the IJ based the adverse credibility determination on

evidence in the record, not "speculation or conjecture." *Gao v. Ashcroft*, 299 F.3d 266,

272 (3d Cir. 2002). "[T]he discrepancies must involve the heart of the asylum claim," not

merely "minor inconsistencies" in the applicant's testimony. *Id.* (internal quotation marks

and citation omitted).

Substantial evidence supports the IJ's conclusion that Sy's testimony was not

credible because there were several inconsistencies in Sy's testimony. First and foremost,

although Sy alleged that he was persecuted because he was of Lari ethnicity, he

eventually admitted that his ethnicity is Fulani, not Lari. He also omitted a key fact about

4

the extent of his injuries in his written application, and he testified inconsistently as to whether bullets or rocks had struck his house during the attack.[2]  These inconsistencies and discrepancies go to the heart of Sy's asylum claim, and we cannot find that "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*  Therefore, we will uphold the IJ's adverse credibility determination.

Additionally, substantial evidence supports the IJ's conclusion that Sy was not a national of the Congo.  First, Sy lied about being of Lari ethnicity, and he could only speak Fulani, not Lari or Lingala, which are the languages typically spoken in the area of the Congo in which he claimed to have lived for thirty years.  Additionally, Sy could not provide any details about the Congo, including the street on which he lived, the name of his store in the marketplace, the political parties of the current and former presidents for whom he supposedly voted, the colors of the flag, and the weather.[3]  The IJ provided

[2]Sy also testified inconsistently as to the number of years that he studied in Senegal, and the city in which he stopped on his way to the United States.

[3]To the extent that Sy argues that the IJ should not have concluded that he was not from the Congo because of his birth certificate, his argument is unavailing.  As we have previously acknowledged, the IJ may require corroborating documentation even where an applicant is credible, and such corroboration is required "where it is reasonable to expect such proof from a witness and there is no satisfactory explanation for its absence." *Obale v. Att'y Gen.*, 453 F.3d 151, 163 (3d Cir. 2006).  Here, the IJ properly determined that Sy's testimony that he was a native of the Congo was not credible, thus making corroborating documentation of his nationality of greater importance.  Upon reviewing Sy's birth certificate, the Forensic Document Laboratory found that it was unable to authenticate it, and stated that it "may not be what it purports to be."  As a result, the IJ reasonably requested that Sy attempt to obtain a passport from the Congolese embassy in an effort to provide proof of his status as a national of the Congo.  Sy had eighteen months to request a passport, yet he did not do so.

5

specific, cogent reasons for her reasoning, which was "supported by reasonable, substantial, and probative evidence" in the record. *See Balasubramanrim*, 143 F.3d at 161.

Based on the foregoing, substantial evidence supports the IJ's conclusion that Sy did not demonstrate that he is a refugee qualifying for a discretionary grant of asylum. Sy's testimony as to any past persecution was not credible. Moreover, as Sy did not demonstrate that he is a native of the Congo, he has not demonstrated that the Congo is the "country of [his] nationality" to which he is "unable or willing to return." 8 U.S.C. § 1101(a)(42). As a result, he did not demonstrate that he has been persecuted, or has a well-founded fear of persecution, in his country of nationality, and thus, he is not a refugee.

Sy also petitions for review of the BIA's denial of his application for withholding of removal. The Attorney General may not remove an alien to his country of origin if his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1231(b)(3)(A). In order to qualify for withholding of removal under § 1231, an alien must demonstrate either past persecution, in which case a rebuttable presumption exists that the alien will suffer future persecution, or future persecution. 8 C.F.R. § 1208.16(b)(1), (2). However, the IJ found that Sy should be removed to Gabon or Senegal, and Sy has not offered any evidence demonstrating that his life or freedom

6

would be threatened in Gabon or Senegal.[4]  Thus, substantial evidence also supports the

IJ's decision that Sy does not qualify for withholding of removal.

Finally, Sy petitions for review of the BIA's denial of his application for protection

under the CAT.  In order to meet the requirements for protection under the CAT, an

applicant must prove "that it is more likely than not that he or she would be tortured if

removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  "Torture is an

extreme form of cruel and inhuman treatment and does not include lesser forms of cruel,

inhuman or degrading treatment or punishment that do not amount to torture."  *Id.*

§ 1208.18(a)(2).  Sy has not provided evidence that it is more likely than not that he

would be tortured if removed to Gabon, Senegal, or the Congo.  Thus, substantial

evidence supports the IJ's decision that Sy does not qualify for protection under the CAT.

IV.

For the reasons set forth above, we will deny Sy's petition for review.

---

[4]The IJ found that Sy should be removed, in the alternative, to the Congo.  Sy argues that he has demonstrated that it is more likely than not that his life or freedom would be threatened in the Congo based on his political opinion.  However, Sy did not provide credible evidence supporting this claim, and as a result, substantial evidence supported the IJ's conclusion that he does not qualify for withholding of removal even as to the Congo.

7